UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER GOGGIN,

     Plaintiff,

v.                                                    Case No.:  2:24-cv-566-SPC-KCD

LVNV FUNDING, LLC,

     Defendant.

_____/

## **ORDER**

Before the Court is Defendant LVNV Funding LLC's Motion to Quash Service of Process. (Doc. 11).[1] The Court finds good cause to rule on this motion without awaiting a response from Plaintiff Peter Goggin. For the reasons stated below, the motion is **DENIED**.

## **I. Background**

LVNV is a debt collector. (Doc. 1 ¶¶ 7, 8.) It bought a debt purportedly owed by Goggin. (*Id*. ¶¶ 10-16.) To recover the outstanding balance, LVNV garnished his wages. (*Id*. ¶ 10.) Goggin then filed this case under the Fair Debt Collection Practices Act. He alleges LVNV has not shown it legally owns the debt. (*Id*. ¶ 18.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

After filing suit, Goggin sent copies of the summons and complaint by certified mail to LVNV's principal place of business in South Carolina.[2] (Doc. 5, Doc. 6.) LVNV received the documents but claims service by certified mail was improper under Rule 4. (Doc. 11.) It now moves to quash the service of process. (*Id.*)

## II. Legal Standard

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard." *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023). "Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Id.*

Federal Rule of Civil Procedure 4(h) governs service on domestic corporations. Fed. R. Civ. P. 4(h)(1). "With respect to a limited liability company such as [LVNV], Rule 4 requires service of process to be accomplished in one of the following three ways: (1) by requesting that the company waive service, (2) by following the service rules of the state in which the lawsuit is filed or in which service is to be made, or (3) by delivering a summons and the Complaint to an officer, managing agent, general agent, or any other agent

---

[2] *See* https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype= EntityName&directionType=Initial&searchNameOrder=LVNVFUNDING%20M110000014 880&aggregateId=forl-m11000001488-1619162c-ca36-4236-9fa0-08821a4aa937&searchTer m=LVNV%20Funding%2C%20LLC&listNameOrder=LVNVFUNDING%20M110000014880 (last visited Aug. 30, 2024).

authorized by law to accept service on the company's behalf." *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 6:15-CV-709-ORL-40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016).

### III. Discussion

Focusing on Florida law, LVNV claims that it was not correctly served. (Doc. 11 at 2-3.) "The Florida Rules of Civil Procedure provide for service by certified mail, but only if the defendant agrees to waive personal service." (*Id.* at 3.) Since there was no waiver here, LVNV concludes that "Plaintiff's attempts at service via certified mail are insufficient." (*Id.* at 4.)

But this argument starts from a flawed premise—that Goggin was required to serve process under Florida law. Rule 4 instead offered Goggin a choice. He could serve LVNV under Florida law (because the lawsuit was filed here) or South Carolina law (since service was made in that state). Fed. R. Civ. P. 4(e)(1), (h)(1)(A); *Pierre*, 2016 WL 721925, at *2.

Important for our purposes, Florida and South Carolina law diverge concerning when a plaintiff can use certified mail. In Florida, a plaintiff may only serve a corporate defendant by certified mail "if [it] agrees to waive personal service." *Bufkin v. Scottrade, Inc.*, 812 F. App'x. 838, 844 (11th Cir. 2020). South Carolina does not have an analogous restriction. *See* Rule 4(d)(8), SCRCP. Instead, a plaintiff may serve a corporation by certified mail in that state if they request a return receipt and restrict delivery to the addressee. *See,*

3

*e.g.*, *Sams v. Heritage Transp., Inc.*, No. 2:12-CV-00462-DCN, 2013 WL 1316426, at *2 (D.S.C. Mar. 29, 2013).

LVNV's motion does not discuss whether Goggin's attempt to serve process by certified mail was proper under South Carolina law. (*See generally* Doc. 11.) As a result, LVNV has not met its burden to show "how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4." *Laltitude, LLC v. Freshetech, LLC*, No. 6:21-CV-1879-PGB-LHP, 2022 WL 14636889, at *2 (M.D. Fla. Oct. 24, 2022).

Accordingly, it is now **ORDERED**:[3]

LVNV Funding LLC's Motion to Quash Service of Process (Doc. 11) is **DENIED**. By September 13, 2024, LVNV must either file a renewed motion explaining how service remains improper under South Carolina law or respond to the complaint.

**ENTERED** in Fort Myers, Florida on September 5, 2024.

Kyle C. Dudek
United States Magistrate Judge

---

[3] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). LVNV's motion falls into the latter category because it only seeks to quash service and does not dispose of any claim or defense. *See, e.g.*, *United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 20815060, at *1 n.2 (M.D. Fla. July 11, 2022).